The Honorable Bob Fairchild State Representative 1428 Mission Boulevard Fayetteville, AR 72701-2221
Dear Representative Fairchild:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), the same being Ark. Code Ann. §§ 25-19-101 — 25-19-107 (Cum. Supp. 1991). Specifically, you have asked that we review Op. Att'y. Gen.87-259 regarding the competitive advantage exemption to the FOIA, and you wish to know the answers to the following questions:
 1. Can a distinction be made between city gross tax receipt records which are requested as aggregate totals and information requests which target a specific business entity?
 2. In considering the above, can the distinction be used to reduce the need for a case-by-case determination of exemption status for every situation?
Your questions refer to the collection of "hotel and restaurant" taxes authorized at A.C.A. §§ 26-75-601 — 613 and 26-75-701 — 705. It is my opinion that the answer to your first question is generally "yes." Assuming by "aggregate totals" you are referring to a list of the sum of all tax monies collected by the city, a distinction may be made between city gross tax records which are requested as aggregate totals and information requests which target a specific business. It is my opinion that the answer to your second question, however, is that the distinction between the two would further emphasize the need for a case-by-case determination as to whether the competitive advantage exemption would be applicable to the entity claiming nondisclosure.
Ark. Code Ann. § 25-19-105(b)(9)(A) (Cum. Supp. 1991) provides in pertinent part:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [f]iles which, if disclosed, would give advantage to competitors or bidders. . . .
In Op. Att'y. Gen. 87-259 this office opined, and I concur, that the determination as to whether city tax information might be protected from disclosure under the competitive advantage exemption of the Freedom of Information Act, §25-19-105(b)(9)(A), must be made on a case-by-case basis after consultation with the parties involved.
Aggregate totals (i.e., lists of the total amounts of monies collected by a city pursuant to A.C.A. §§ 26-75-601 — 26-75-613
for hotel and restaurant taxes) would in most instances constitute a public record which would be open to inspection and copying under A.C.A. § 25-19-103(1) and § 25-19-105(a) of the FOIA.[1] In general, such a list would likely fit under no specific exemption mandating nondisclosure under the Act. However, the second category of information about which you inquire, requests which target a specific business entity, might, in some instances, qualify for the exemption set out in A.C.A. §25-19-105(b)(9)(A) as a record which, if disclosed, would give advantage to competitors or bidders. While there are no facts in the hypothesis presented in your letter indicating that a competitive advantage situation might be present, there may, of course, be scenarios where the exemption might properly be claimed by an entity. Such a determination, however, would be a very fact-specific one. This would further support the need for a case-by-case determination as to whether the exemption applies when a request is made to inspect the tax records of a specific business entity.
The public policy behind the FOIA indicates that public records are presumed to be open. See Commercial Printing Co. et al. v.Rush, et al., 261 Ark. 468, 549 S.W.2d 790 (1977). The records are to be closed only if they fit within one of the specific exemptions. While a business entity subject to the hotel and restaurant tax might legitimately claim that its tax records were exempt from disclosure based upon the competitive advantage exemption set out in § 25-19-105(b)(9)(A), the burden of proving eligibility for the exemption is upon the entity seeking nondisclosure. See Gannet River States Publishing Co. v. Ark.Indus. Dev. Comm'n., 303 Ark. 684, 799 S.W.2d 543 (1990). The entity must prove that the disclosure of proprietary information would cause substantial harm to its competitive position before qualifying for the exemption from public disclosure. See Op. Att'y. Gen. 87-194. Again, this is all the more reason for a case-by-case determination of whether the exemption applies, as the entity is entitled to have its say in proving its exempt status.
Because there is no specific exemption from public disclosure for the city tax information, it would go against the general policy of disclosure to make a per se determination that all records of a specific business entity claiming a competitive advantage exemption were to be closed. In sum, whereas a distinction may be made between information requests for records of aggregate totals of city gross tax receipts and requests which target a specific business entity, with the former generally constituting public records open to inspection, when records are requested of a specific business entity and the entity claims nondisclosure under the competitive advantage exemption of the FOIA, a determination of the exempt status of such an entity should be made on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Pursuant to A.C.A. § 25-19-103(1), "[a]ll records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." Pursuant to A.C.A. § 25-19-105(a), "[e]xcept as otherwise specifically provided . . . all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records."